UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re Henry A. McGuire, Jr., | ) | Chapter 13 |
| | ) | |
| Debtor. | ) | Case No. 22-13111 |
| | ) | |
| | ) | Honorable Deborah L. Thorne |

**MEMORANDUM OPINION**

This matter comes to be heard on the objection of property tax purchaser Prairie Lock, LLC to the confirmation of Debtor Henry A. McGuire, Jr.'s chapter 13 plan filed on November 11, 2022[1] and Debtor's objection to Prairie Lock's proof of claim. For the reasons explained below, Prairie Lock's objection (Dkt. No. 15) is sustained in part and overruled in part. Similarly, the Debtor's objection to Prairie Lock's claim (Dkt. No. 19) is sustained in part and overruled in part. Because Prairie Lock has not sought an order for sale in error, the Debtor's Objection to Will County's claim (Dkt. No. 22) is sustained.

## I.    Background

In December 2019, Prairie Lock purchased the Debtor's delinquent 2018 property taxes for $3,878.48 at the Will County Collector's annual tax sale. (Prairie Lock, LLC's Objection to Confirmation of the Chapter 13 Plan Filed November 11, 2022 ("Prairie Lock Obj.") ¶¶ 5–6, Dkt. No. 15.) The redemption date was November 16, 2022.[2] (*Id.* ¶ 8.) Prior to the expiration of the redemption date, the Debtor filed a chapter 13 petition. The Debtor's proposed plan provides for payment of Prairie Lock's secured claim of $3,878.48 at an interest rate of 12%[3] and payment of

---

[1] The Debtor filed an amended plan on February 10, 2023, after the Illinois Homeowner Assistance Fund (ILHAF) paid the 2020 and 2021 taxes. Only the 2018 taxes remain at issue and the dispute over the interest rate owed remains the same with a lesser principal amount.

[2] Originally the redemption date was June 5, 2022, but this date was extended to November 16, 2022.

[3] All interest rates discussed in this order are annual interest rates.

Prairie Lock's secured claim and future property taxes owed to Will County directly to the Will County Treasurer. (*See* Chapter 13 Plan, Dkt. No. 2.) Prairie Lock does not dispute that $3,878.48 is the principal amount of the 2018 taxes it purchased; rather, it argues that the correct interest rate is 18% and that all plan payments and future property tax payments should be made directly to Prairie Lock. (Prairie Lock Obj. ¶¶ 13, 17.)

The court agrees that the proper interest rate is 18% and plan payments should be made to Prairie Lock. As required by statute, however, the Debtor must continue to make future property tax payments to the Will County Treasurer.

## II.     Jurisdiction and Venue

The court has subject matter jurisdiction over this objection under 28 U.S.C. § 1334 and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. The matter is a core proceeding under 28 U.S.C. §§ 157(b)(2)(B) and (L). Venue is proper under 28 U.S.C. § 1409(a).

## III.     Applicable Law

### A.  Illinois Property Tax Collection

The Illinois Property Tax Code provides that, at the beginning of each year, a lien attaches to all nonexempt real property securing the payment of property taxes from the previous year. 35 ILCS 200/21-75. If the taxes are timely paid, the lien is extinguished. If they remain unpaid, however, the county may bring an action to foreclose on its tax lien. *Id.*

After a judgment is rendered against the property and the taxes remain unpaid, Illinois counties often hold a tax sale for investors to purchase the delinquent taxes. *See* 35 ILCS 200/21-205. Tax purchasers do not actually purchase the property; they bid on a "Certificate of Purchase" that can be exchanged for a deed for the property if the taxpayer does not redeem the property

within the prescribed timeframe. 35 ILCS 200/21-75; *In re LaMont*, 740 F.3d 397, 400 (7th Cir. 2014). The taxpayer has two years after the tax sale to redeem the property by paying all amounts— the delinquent tax amount plus any penalty interest—to the county clerk. 35 ILCS 200/21-355; *LaMont*, 740 F.3d at 400–01. If the taxpayer does not redeem within this timeframe, "the tax purchaser has one year to obtain and record the tax deed, whereupon the tax purchaser becomes the owner of the property outright and all outstanding liens and mortgages are extinguished." *Newline Holdings, LLC v. Thomas*, No. 21 C 01277, 2022 WL 1185376, at *1 (N.D. Ill. Apr. 21, 2022).

As is the case here, the taxpayer might file a bankruptcy petition after the tax sale but before the county has issued a tax deed. When this happens, the tax purchaser's Certificate of Purchase is treated as an *in rem* lien on the real property and an asset of the bankruptcy estate. *In re LaMont*, 487 B.R. 488, 495 (N.D. Ill. 2012), *aff'd*, 740 F.3d 397 (7th Cir. 2014). The tax purchaser might seek a declaration in state court that the tax sale was a "sale in error," which would allow the purchaser to obtain a full refund. 35 ILCS 200/21-310(d); *see also* 35 ILCS 200/21-310(b)(1) (stating that one ground for finding a sale in error is a bankruptcy petition "filed subsequent to the tax sale and prior to the issuance of the tax deed").[4]

**B. Interest Rates under the Bankruptcy Code**

To confirm a chapter 13 plan, debtors must satisfy the requirements set forth in 11 U.S.C. § 1325. If a secured creditor does not accept the debtor's proposed plan (and the debtor does not surrender the property), the plan must provide that "the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim." 11 U.S.C. § 1325(a)(5)(B)(ii). This means that if the secured claim is not

---

[4] Prairie Lock has not filed for a sale in error.

paid in a lump sum on the effective date, the creditor must receive interest on its claim. *Till v. SCS Credit Corp.*, 541 U.S. 465, 474 (2004) (explaining how interest compensates the creditor for inflation, time value, and default risk).

When a tax purchaser's claim is provided for in a chapter 13 plan, "the rate of interest shall be the rate determined under applicable nonbankruptcy law." 11 U.S.C. § 511(a); *see also In re Drake*, 638 B.R 96, 100 (Bankr. N.D. Ill. 2022) ("When the secured claim is a tax claim, [*Till v. SCS Credit Corp.*]'s interest rate formula does not apply. Instead, the interest rate paid on tax claims in bankruptcy cases is determined under 11 U.S.C. § 511.").

In this case, the applicable nonbankruptcy law is the Illinois Property Tax Code. If the debtor is redeeming the property, 35 ILCS 200/21-355(c) controls: the debtor must pay the county 12% interest. Alternatively, if the payment is on account of the tax purchaser's secured *in rem* claim, 35 ILCS 200/21-15 governs: the interest rate is 1.5% per month or 18% per year. In other words, section 355(c)—and the 12% interest rate—only applies if the debtor is exercising a right of redemption. *See In re Drake,* 638 B.R. 96, 103 (Bankr. N.D. Ill. 2022). Otherwise, when the plan is merely treating the tax purchaser's secured claim, the proper interest rate is 18%. *Id.* at 104.

## IV.    Analysis

In the instant case, the Debtor is not attempting to exercise a right of redemption. The proposed plan provides for payment of Prairie Lock's *in rem* secured claim. Under 35 ILCS 200/21-15, the correct interest rate on Prairie Lock's $3,878.48 claim is 18%. Although Will County has not weighed in on this dispute, it appears that a county clerk cannot receive installments on the unpaid taxes (i.e., the redemption amount). *See In re LaMont*, 740 F.3d at 410. Accordingly, the standing trustee should direct the payments to Prairie Lock. *Id.* (suggesting that courts may adopt a solution "such as payment directly to the tax purchaser").

Future property taxes, however, should be paid to Will County. In Illinois, property taxes are paid to the county in which the real property is located, and property tax bills come directly from county collectors. 35 ILCS 200/20 *et seq.* Prairie Lock has not provided any authority for the court to ignore the Illinois Property Tax Code. Rather, Prairie Lock's arguments on this point concern the Debtor's lack of prudent budgeting. These statements are both unpersuasive and condescending to the Debtor—who, from the record, appears to be an honest and unfortunate debtor exercising his right to seek bankruptcy relief.

### V.     Conclusion

For the reasons explained above, Prairie Lock is entitled to a secured claim in the amount of $3,878.48 and interest at 18%. The standing trustee should make payments on account of the secured claim directly to Prairie Lock. Future property tax payments should be made to Will County as required by the Illinois Property Tax Code. The Debtor's objection to Will County's claim is sustained and, unless Prairie Lock seeks an order for a sale in error, Will County is not entitled to any payment under the plan for 2018 property taxes.

Dated:  August 9, 2023

_____
Honorable Deborah L. Thorne
United States Bankruptcy Judge